IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY WHITE, and | ) |
| | ) |
| CEDESSA GIVENS, | ) |
| | ) |
| Plaintiffs, | ) Case No.: |
| | ) |
| vs. | ) |
| | ) |
| DELL SERVICES FEDERAL | ) |
| GOVERNMENT, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiffs Billy White and Cedessa Givens, by and through counsel, Brice W. Bisel, OBA #30986, Raymond E. Tompkins, OBA #9058, and Katherine R. Mazaheri, OBA #21746, and hereby complains against the Defendant Dell Services Federal Government, Inc.:

### NATURE OF THE CASE

1. Plaintiffs allege claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. *seq* ("Title VII") for discrimination based upon their race, a hostile work environment, and ultimately wrongful termination. Plaintiffs also allege illegal retaliation in violation of Title VII. Plaintiffs also bring state law causes of action for wrongful termination based upon race in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et. seq*. Plaintiffs also allege a claim of illegal retaliation in violation of the OADA.

1

Finally, Plaintiffs allege a claim pursuant to 42 U.S.C. §1981 for illegal discrimination and wrongful termination based upon their race.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiffs also bring pendant state law claims under 25 O.S. §1101 *et. seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §§1391 (b) and (c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

5. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5, Fed. R. Civ. P. 54, and 12 O.S. 696.4.

6. This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(b) because the claims arose in this district, and pursuant to 42 U.S.C. §2000e-(f)(3) because the unlawful employment practice arose in this district.

## PARTIES

7. Plaintiff, Billy White, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

8. Plaintiff, Cedessa Givens, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

9. Plaintiff are former employees of Dell USA L.P., formerly employed in the Oklahoma City call center operated by Defendant.

10. Defendant Dell USA L.P.. is a foreign limited partnership operating in locations throughout Oklahoma and across the United States.

11. Upon information and belief, Defendant is believed to be a subsidiary of Dell, Inc.

## CONDITIONS PRECEDENT

12. Plaintiff Billy White timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission/Oklahoma Attorney General's Office of Civil Rights Enforcement in 2014. The EEOC charge number was: 564-2014-00520.

13. Plaintiff Cedessa Givens timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission/Oklahoma Attorney General's Office of Civil Rights Enforcement in 2014. The EEOC charge number was: 564-2014-00708.

14. On May 20, 2014, the EEOC issued a Notice of Right to Suit for Billy White's EEOC charge.

15. Plaintiffs' attorneys received such notice on or about May 3, 2013.

16. On June 4, 2014, the EEOC issued a Notice of Right to Suit for Cedessa Given's EEOC charge.

17. Plaintiffs' attorneys received such notice on or about June 5, 2014.

18. This lawsuit is filed within ninety (90) days of the receipt of Plaintiffs' right to suit letters.

19. Plaintiff has exhausted all administrative remedies under state and federal law.

## GENERAL ALLEGATIONS COMMON TO BOTH PLAINTIFFS

20. Plaintiffs worked for Defendant as call center agents.

21. In the summer of 2013, Defendant announced that it was changing the AKO Agent program to a CDS Agent.

22. Multiple Caucasian employees were immediately hand-picked to transfer to the new position in June 2013.

23. Neither Plaintiff was allowed to immediately transfer into the position.

24. These Caucasian employees were given no deadlines to obtain certifications necessary for the position.

25. These Caucasian employees were immediately given raises of $2.00 per hour. Neither Plaintiff received such a raise.

26. In October 2013 Plaintiffs were informed that they could request vouchers to obtain the required certifications to transfer into the new positions. They were given a 45-day deadline for obtaining all three certifications. Initially, Plaintiffs were informed that they would be transferred elsewhere within Dell should they not obtain the certifications within 45 days.

27. As of this time, the Caucasian employees transferred immediately into the CDS positions still were not given deadlines for the completion of the certifications.

## ALLEGATIONS OF PLAINTIFF BILLY WHITE

28. Mr. White is an African-American male.

29. Mr. White began his employment with Defendant on April 18, 2011.

30. In October 2013, months after his Caucasian co-workers were allowed to transfer to the CDS positions, Mr. White learned that he could request vouchers for the certifications for these positions.

31. Despite multiple requests by Mr. White, he did not receive such vouchers in October.

32. In late October, Mr. White was told not to use his vouchers as he was to be transferred to the Boeing account. Such account would have led to a decrease in his hourly wage.

33. Mr. White believes that Caucasian employees who chose to transfer to other positions that did not require the certifications were still allowed to use their Windows 7 certification vouchers.

34. Mr. White repeatedly complained to his superiors concerning his belief that his peers were receiving better treatment than him. Mr. White's complaints centered around the issue with the vouchers/transfer and continual technical problems that he never received assistance with.

35. Mere days before his transfer to Boeing, Mr. White learned that Boeing would not be accepting these transfers due to a change in business needs.

36. Despite the fact that he had not yet actually transferred to Boeing, Mr. White's supervisor removed him from his shift he had obtained through seniority. Mr. White had to challenge such action multiple times to be reinstated to his preferred work shift.

37. In early December 2013 Mr. White finally received his Windows 7 voucher. He did not receive the other two certification test vouchers. Despite this, he was told that he must pass all three certification tests within forty-five days or he would be terminated.

38. At the time he received this news, the Caucasian employees transferred into the CDS positions in the summer of 2013 still did not have deadlines for the completion of their certifications and many had yet to complete all three certifications.

39. Upon receiving the voucher for the Windows 7 certification test, Mr. White immediately attempted to schedule his test but was told that he could not take the tests until early January 2014 as no tests were scheduled during the holiday period.

40. Mr. White took the earliest available test in January 2014. Just like many of his co-workers, Mr. White did not pass the test on his first attempt. He then attempted to immediately reschedule his test.

41. Defendant terminated Mr. White on January 31, 2014 prior to his rescheduled test date. Defendant allegedly terminated Mr. White for not obtaining the three required certifications within the 45-day window.

42. As of the date of Mr. White's termination, multiple Caucasian employees still had not obtained the required certifications, despite entering the positions during the summer of 2013. These employees also oftentimes did not pass the test(s) on their first attempt, yet they were not given rigid completion deadlines and were not terminated.

43. Mr. White believes that the actions taken against him were motivated by one or more of the following impermissible factors: his race and/or in retaliation for his internal complaints, all in violation of Title VII, 42 U.S.C. 2000e *et. seq*.

44. As a result of Defendant's actions, Mr. White has sustained the following damages/injuries: loss of employment, loss of wages, loss of seniority, loss of career path and opportunity, loss of fringe benefits and other compensation. Mr. White has also suffered consequential and compensatory damages including, but not limited to: those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

45. As a result of Defendant's actions, Mr. White has been damaged well in excess of $10,000.00.

46. Add adverse actions taken by Defendant against Mr. White were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Mr. White.

## ALLEGATIONS OF PLAINTIFF CEDESSA GIVENS

47. Ms. Givens is an African-American female.

48. Ms. Givens began her employment with Defendant on August 30, 2010.

49. In October 2013, months after her Caucasian co-workers were allowed to transfer to the CDS positions, Ms. Givens learned that she would not be able to use the vouchers for the certification examinations and instead would be forced to transfer into a lower-paying position with the Boeing account.

50. Caucasian co-workers of Ms. Givens were still allowed to use such vouchers despite moving to positions that did not require the certifications.

51. Ms. Givens voiced her opinion to her supervisors that she believed she was being discriminated against by not being allowed to seek a CDS Agent position.

52. Mere days before her transfer to Boeing, Ms. Givens learned that Boeing would not be accepting these transfers due to a change in business needs.

53. After being told that she would no longer move to Boeing, Ms. Givens was given the strict 45-day deadline to complete all three certifications, despite the fact that the Caucasian employees transferred into the CDS positions months before still did not all have such certifications.

54. Ms. Givens was not provided with her vouchers until early December 2013 and was unable to schedule any exam until early January 2014 due to no examinations being scheduled over the holidays.

55. Ms. Givens took and passed her first certification exam in early January 2014. She was unable to schedule her next two exams until February 17th and 21st.

56. Many Caucasian co-workers did not pass the exams on their first attempt and were simply allowed to reschedule their examinations with no deadline for completion of the certifications.

57. Ms. Givens failed her certification test on February 17, 2014 and passed the third certification test on February 21, 2014. She attempted to reschedule the February 17th examination but was not allowed to do so prior to her termination. After failing the second certification test, Ms. Givens was informed that she would have 45 days to take the test again. She was not given such a period of time.

58. Defendant terminated Ms. Givens' employment on February 28, 2014, allegedly for failing to obtain all three certifications.

59. As of the date of Ms. Givens' termination, multiple Caucasian employees still had not obtained the required certifications, despite entering the positions during the summer of 2013. These employees also oftentimes did not pass the test(s) on their first attempt, yet they were not given rigid completion deadlines and were not terminated.

60. Ms. Givens believes that the actions taken against her were motivated by one or more of the following impermissible factors: her race and/or in retaliation for her internal complaints, all in violation of Title VII, 42 U.S.C. 2000e *et. seq*.

61. As a result of Defendant's actions, Ms. Givens has sustained the following damages/injuries: loss of employment, loss of wages, loss of seniority, loss of

career path and opportunity, loss of fringe benefits and other compensation. Ms. Givens has also suffered consequential and compensatory damages including, but not limited to: those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

62. As a result of Defendant's actions, Ms. Givens has been damaged well in excess of $10,000.00.

63. Add adverse actions taken by Defendant against Ms. Givens were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Ms. Givens.

## COUNT ONE
**ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-1 *et seq*.**

64. Plaintiffs reassert and incorporate by reference paragraphs 1-63 as set forth above as if fully restated herein.

65. At all times while employed with Defendant, Plaintiffs were qualified for the positions they held and had been performing satisfactorily.

66. Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

67. Plaintiffs' race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiffs' rights under Title VII by taking such adverse actions.

68. As a result of Defendant's illegal conduct, Plaintiffs have suffered the damages described in paragraphs 44-46 and 61-63.

69. Plaintiffs are entitled to and seek all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

70. Plaintiffs are also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II
## ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF 42 U.S.C. §1981

71. Plaintiffs reassert and incorporate by reference paragraphs 1-70 as set forth above as if fully restated herein.

72. Plaintiffs are African-Americans protected from racial discrimination by 42 U.S.C. §1981.

73. Plaintiffs received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

74. Any reason(s) given for the adverse actions taken against Plaintiffs are pretextual in nature.

75. The discrimination against Plaintiffs altered the terms, conditions, and/or privileges of their employment.

76. Defendant did nothing to attempt to remedy the wrong(s) suffered by Plaintiffs.

77. Defendant's acts and omissions violated Plaintiffs' rights secured by 42 U.S.C. §1981.

78. As a result of Defendant's illegal conduct, Plaintiffs have suffered the damages described in paragraphs 44-46 and 61-63.

79. Plaintiffs are entitled to and seek all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT III
### ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq*.

80. Plaintiffs reassert and incorporate by reference paragraphs 1-79 as set forth above as if fully restated herein.

81. At all times while employed with Defendant, Plaintiffs were qualified for the positions they held and had been performing satisfactorily.

82. Defendant's willful and malicious conduct as described above is in clear violation of OADA.

83. Plaintiffs' race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiffs' rights under the OADA by taking such adverse actions.

84. As a result of Defendant's illegal conduct, Plaintiffs have suffered the damages described in paragraphs 44-46 and 61-63.

85. Plaintiffs are entitled to and seek all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

86. Plaintiffs are also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

### COUNT IV
### ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e et seq., the OADA, 25 O.S. §1101 *et seq*., and 42 U.S.C. §1981

87. Plaintiffs reassert and incorporate by reference paragraphs 1-86 as set forth above as if fully restated herein.

88. 42 U.S.C. §2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

89. 25 O.S. §1601 also prohibits such retaliatory conduct.

90. 42 U.S.C. §1981 also encompasses anti-retaliation measures resulting from post-formation activities.

91. Plaintiffs clearly opposed the illegal harassment, discrimination, and retaliation when they complained to their supervisors.

92. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. §1981.

93. The actions taken against Plaintiffs following their protected activity in opposition to Defendant's illegal conduct are all retaliatory actions designed to prevent them from exercising their rights under Title VII, the OADA, and 42 U.S.C. §1981.

94. Such conduct is clearly in violation of Title VII, the OADA, and 42 U.S.C. §1981 which all contain provisions prohibiting such conduct.

95. As a result of Defendant's retaliatory conduct, Plaintiffs have suffered the losses and damages described in paragraphs 44-46 and 61-63.

96. Plaintiffs are entitled to and seek all legal and equitable remedies available to a prevailing Plaintiff under Title VII, the OADA, and 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

97. Plaintiff are also entitled, under 42 U.S.C. §2000e-5(k) and 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

### PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to Plaintiffs the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Punitive damages, in amounts to be determined at trial;

d. Compensatory and consequential damages, in amounts to be determined at trial;

e. Injunctive and/or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs of this action, including any expert witness fees, as appropriate;

h. That Defendants be enjoined and restrained from engaging in further discriminatory and retaliatory conduct; and

i. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: 08/11/2014

Respectfully Submitted,

s/Brice W. Bisel
Brice W. Bisel, OBA #30986
Raymond E. Tompkins, OBA #9058
Katherine R. Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
Telephone: (405)414-2222
Facsimile: (405)607-4358
brice@mazaherilaw.com
ray@mazaherilaw.com
katherine@mazaherilaw.com
*Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**